REGAN, Judge.
Plaintiff, Plouston Oil Field Material Company, Inc., as the payee, instituted this suit against the defendants, Creole Explorations, Inc. and Robert U. Blum, its president, as co-makers endeavoring to recover the sum of $20,324.25,[1] representing the balance due on a demand promissory note, plus interest thereon at six percent per annum. Plaintiff further sought to recover ten percent of both the principal and interest due thereon as attorney’s fees, which was agreed to by the parties in the event litigation became necessary to procure payment thereof.
The defendants answered and admitted the validity of the note; however, they asserted that the plaintiff had agreed not to demand payment until the completion of a law suit entitled Creole Explorations, Inc v. Underwriters at Lloyds of London, La. App., 151 So.2d 382.
From a judgment in favor of the plaintiff as prayed for, the defendants have prosecuted this appeal.
Plaintiff has answered the appeal, insisting that it was taken merely for the purpose of delaying payment of the judgment, and it requests the imposition of penalties, by this court, against the defendant, for having prosecuted a frivolous appeal.
The record reveals that the note, which forms the basis of this litigation, although *49 dated February 1, 1959, was actually executed and delivered to the plaintiff on February 12, 1959 by Robert U. Blum, individually and as president of the defendant oil company. Plaintiff is the named payee and holder of the note, which is payable on demand.
It represented a sum due by Creole Explorations, Inc. to the plaintiff for materials furnished and services rendered in combating an oil well blowout, which began on July 20, 1958 and was terminated on August 11, 1958.
When the note was delivered to the plaintiff’s representative, plaintiff agreed to withhold making demand for a reasonable period of time. This is evidenced by a letter dated February 12, 1959, written by Blum to the plaintiff, which reads in part:
“In my capacity as President of Creole and individually, I have executed a demand note to your order dated February 1, 1959, in the sum of $20,-574.25, with the understanding, * * that no unreasonably short demand will be made, it being understood that * * * we are awaiting settlement from Lloyd of London of a cost of well control policy, included in which are those portions of your services attributable to the blowout.
“* * * we, of course, do not expect you to wait indefinitely for your money, but we will take a look at this matter at about thirty days from now and see what the ’ settlement situation is with the insurance company.
“ * * * in the event litigation with the insurance company becomes necessary, we will so inform you and make prompt arrangements for the liquidation of this indebtedness.” (Emphasis added.)
Obviously the foregoing letter does establish that the note was delivered conditionally;[2] however, the terminology thereof clearly places a limitation upon the condition, and that is that demand would not be made within an unreasonably short period of time.
Therefore, the only question posed for our consideration is whether the plaintiff adhered to its agreement not to make an “unreasonably short demand” for payment of the note.
It is eminently clear from the foregoing letter and the testimony adduced at the trial hereof that both parties understood this phrase to mean a reasonable period of time measured in days not years, and certainly not until the .completion of litigation between the defendant and Lloyd’s of London, which had not yet materialized when the letter was written and the note was executed and delivered to the plaintiff. In addition thereto, the letter completely negates any agreement to defer payment until completion of uncertain litigation inasmuch as it reads that “in the event litigation with the insurance company becomes necessary, we will so inform you and make prompt arrangements for liquidation of this indebtedness.”
Considering the fact that this suit was not instituted against the defendants until April 4, 1961, which was in excess of two years after the execution of the note, and that the note represents a debt on an open account, it is obvious that the plaintiff permitted more than a reasonable period of time to elapse before initiating action to en *50 force payment thereof. In view of what we have said hereinabove, we are convinced that the defense urged herein possesses no merit.
Turning our attention to plaintiff’s answer to this appeal, we are of the opinion that the defendants prosecuted it merely for the purposes of delay, and therefore, it is frivolous. We say this in view of the fact that no serious defense was urged which could reasonably be expected to result in a reversal. Under the authority of LSA-C.C.P. Article 2164, which permits us to award damages for frivolous appeal, we believe that the amount to be assessed in this instance should be five per cent of the principal and accrued interest awarded by the lower court judgment.
For the reasons assigned, the judgment appealed from is amended, and it is now ordered that the award in favor of plaintiff be increased by an additional five percent of the principal balance of the note and the interest accrued thereon. In all other respects, the judgment appealed from is affirmed.
Amended and affirmed.

. The original amount of this indebtedness was $20,574.25 and the defendants paid on account thereof the sum of $250, thus reducing the claim to $20,324.25.

. LSA-R.S. 7:16 provides in part:
“Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto.
“As between immediate parties, * * * the delivery, in order to be effectual, must be made either' by or under the authority of the party making, drawing, accepting, or endorsing, as the case may be; and in such case the delivery may he shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. * * * ” (Emphasis added.)